# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JENNIFER JORDAN,**
**Appellant Below, Petitioner**

**FILED**
**April 22, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-263**          (Bd. of Review, Case No. 22-BOR-2409)

**WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES,**
**BUREAU FOR SOCIAL SERVICES,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jennifer Jordan appeals the May 19, 2023, *Decision of State Hearing Officer* from the West Virginia Department of Health and Human Resources' Board of Review ("Board"). This *Decision* upheld the West Virginia Department of Health and Human Resources, Bureau for Social Services' ("Bureau") administrative finding of maltreatment committed by Ms. Jordan based upon its determination that she failed to distribute medications to multiple nursing home residents where she was employed as a nurse. The Bureau filed a response.[1] Ms. Jordan did not file a reply. The issue on appeal is whether the Board's decision was supported by the evidence presented at the administrative hearing.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that the Board's decision lacks sufficient findings of fact and conclusions of law for a meaningful appellate review. Accordingly, a memorandum decision vacating the decision and remanding the matter to the Board for entry of an amended decision is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure.

The underlying events occurred in June of 2022. According to the Board's decision, Ms. Jordan was employed at Mountain View Care Center as a nurse and regularly worked the 7:00 p.m. to 7:00 a.m. shift. One of her duties was to distribute medication to nursing home residents. It was common practice for the nurses at this facility to share a medication cart containing blister packs of the various medications to be distributed.

---

[1] Ms. Jordan is represented by Todd W. Reed, Esq. The Bureau is represented by Chaelyn W. Casteel, Esq.

A staff nurse who routinely used the medication cart after Ms. Jordan's shift expressed a concern to the Assistant Director of Nursing, Heidi Oldham ("Assistant Director Oldham"), that medications were not being properly distributed and were being returned to the pharmacy. Assistant Director Oldham reported this concern to the Director of Nursing, Sheila Massey ("Director Massey").

Director Massey discussed the concern with Unit Manager, Amy Balcoe ("Unit Manager Balcoe"). Thereafter, they instituted a medication audit for Ms. Jordan's shift. On June 2, 2022, Unit Manager Balcoe counted and marked certain blister packs of medication which were scheduled to be distributed during Ms. Jordan's shift. She then wrote the date and number of medications in each medication package and provided the information to Director Massey.

On the morning of June 3, 2022, after the conclusion of Ms. Jordan's shift, Director Massey counted the medications that were previously marked and counted by Unit Manager Balcoe. Director Massey found that thirteen residents failed to receive thirty-two medications during Ms. Jordan's shift, and that all but one of those residents were non-verbal or without mental acuity. It was determined that Ms. Jordan had logged the medications as administered to those residents in the facility's electronic medication distribution records.

A referral was made to Adult Protective Services ("APS"), a division of the Bureau, alleging that Ms. Jordan's actions constituted maltreatment in the form of neglect. Ms. Jordan categorically denied the allegation that she failed to distribute the medications. An APS worker investigated the allegations; and at the conclusion of the investigation, the APS worker determined that Ms. Jordan neglected the thirteen residents by failing to distribute prescribed medications.[2] Ms. Jordan challenged this finding.

An evidentiary hearing was held before the Board's hearing officer on March 6, 2023. At the hearing, the Board presented the testimony of several witnesses, including, among others, Assistant Director Oldham, Unit Manager Balcoe, Director Massey, and the APS worker. Ms. Jordan testified on her own behalf. According to the Board's decision, four exhibits were admitted into the record. On May 19, 2023, the *Decision of State Hearing Officer*, containing just over four pages, was entered by the Board. After making limited findings of fact, the Discussion section of this *Decision* states, in its entirety, as follows:

> [APS] conducted an assessment into neglect allegations of [thirteen] Mountain View Care Center residents by [Ms. Jordan]. At the conclusion of the assessment, neglect was substantiated against [Ms. Jordan] for a failure

---

[2] According to the parties' briefs, Ms. Jordan was terminated from her employment due to the finding of maltreatment.

2

to provide necessary care by failing to distribute prescribed medications. [Ms. Jordan] contests the [Bureau]'s finding.

To substantiate a finding of maltreatment against [Ms. Jordan] for neglect under W. Va. Code § 9-6-1, the [Bureau] must show that [Ms. Jordan] unreasonably failed to provide the care necessary to maintain the safety or health of the [thirteen] Mountain View Care Center residents T.C., G.M., D.H., G.F., S.H., D.B., A.C., V.M., Z.P., D.C., E.M., T.S., and L.C. A preponderance of evidence standard is applied.

The reliable evidence presented shows that [Ms. Jordan] was a nurse at Mountain View Care Center responsible for passing medications on the 7p to 7a shift. On June 2 to 3, 2022, [Ms. Jordan] failed to pass medications to [thirteen] residents, [twelve] of which were non-verbal or without mental acuity. Certain medications were counted by supervising nurses before and after [Ms. Jordan]'s shift. Those counts indicated that a total of [thirty-two] prescribed medications were not distributed by [Ms. Jordan], despite being recorded as delivered by [her].

[Ms. Jordan] argues that she did pass the medications to the [thirteen] facility residents. [Ms. Jordan]'s argument is without credibility or evidentiary support. [Ms. Jordan] argues that the lack of detailed records or photos of the count rendered the findings unreliable. Both nurses who testified at the hearing regarding their accounting procedures were credible and persuasive. For [Ms. Jordan]'s argument to be correct it would require multiple facility staff to conspire together to fabricate information, which is not supported by the evidence presented.

Based on the above, the [Bureau] correctly substantiated neglect against [Ms. Jordan]. The evidence presented shows that [Ms. Jordan] failed to provide the care necessary to maintain the safety or health of T.C., G.M., D.H., G.F., S.H., D.B., A.C., V.M., Z.P., D.C., E.M., T.S., and L.C. by failing to distribute prescribed medication as required.

Based on that reasoning, the *Decision* made the following conclusions of law:

1. The [Bureau] correctly substantiated neglect against [Ms. Jordan].

2. The evidence presented shows that [Ms. Jordan] failed to provide the care necessary to maintain the safety or health of Mountain View Care Center residents T.C., G.M., D.H., G.F., S.H., D.B., A.C., V.M., Z.P., D.C., E.M.,

T.S., and L.C. R.G. [sic] by failing to distribute prescribed medications as required.[3]

3. [Ms. Jordan]'s argument that the lack of detailed records or photos of the count rendered the findings unreliable is not persuasive as both nurses who testified at the hearing regarding their accounting procedures were credible and reliable. For [Ms. Jordan]'s argument to be true it would require multiple facility staff to conspire together to fabricate information, which is not supported by the evidence presented.

This appeal followed. Our review of this matter is governed by the State Administrative Procedures Act, which provides:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021); *accord* W. Va. Code § 16-1-22a (2023) (stating that the exclusive remedy for judicial review of Board decisions is governed by West Virginia Code § 29A-5-1).[4]  Further, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume the agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996).

---

[3] We presume R.G. to be a typographical error as there is no patient identified as R.G. elsewhere in the *Decision* as the other thirteen patients have been consistently identified.

[4] This statute was repealed on February 8, 2024, and replaced by West Virginia Code § 16B-2-2 (2024); however, the judicial review procedure remains substantively unchanged. The former version of the statute is cited here as it was the statute in effect at the time this appeal was filed.

4

On appeal, Ms. Jordan primarily argues that the Board's findings of fact and conclusions of law are not supported by the evidence presented at the administrative hearing. Conversely, the Bureau contends there was no error, and that the Board's findings of fact and conclusions of law are entitled to deference. Upon review, we find that the Board's decision lacks adequate findings of fact and conclusions of law for this Court to conduct a meaningful appellate review as required by the governing standard of review.

Prior to making its findings of fact, the *Decision* states: "After a review of the record, including testimony, exhibits, and stipulations admitted into evidence at the hearing, and after assessing the credibility of all witnesses and weighing the evidence in consideration of the same, the following findings of fact are set forth." However, the *Decision* lacks substantive findings, discussion, and analysis of the testimony, exhibits, and stipulations that were part of the evidentiary record below. It also fails to support its credibility determinations with sufficient findings and analysis of the witnesses' testimony provided below. Instead, the Board's findings of fact consist of twenty-six numbered paragraphs, each consisting of only one or two sentences with cursory findings, and with thirteen of those paragraphs reserved for each of the thirteen residents that Ms. Jordan allegedly neglected with a single sentence identifying them by initials and listing the medications that she was alleged to have not administered. Likewise, the *Decision's* Discussion and Conclusions of Law sections also contain insufficient development and analysis.

Without the Board providing detailed findings of fact and conclusions of law that are supported by adequate analysis, this Court is left to speculate as to the reasonings behind its *Decision*. However, courts cannot engage in speculation, and we refuse to do so here. While administrative decisions, as a general rule, are entitled to deference, we find the decision below fails to conduct the necessary factual and legal analysis of the evidence presented below for this Court to determine whether the Board is entitled to deference in this case. Absent amplified findings of facts and conclusions of law, this Court is not in a position to rule on the merits of the Board's *Decision* or the merits of Ms. Jordan's arguments on appeal.

As our Supreme Court of Appeals has recognized:

> Without findings of fact and conclusions of law, [an appellate court] is unable to determine the basis for the court's decision and whether any error has occurred. Consequently, in cases where there is an absence of adequate factual findings, it is necessary to remand the matter to the lower court to state or, at a minimum, amplify its findings so that meaningful appellate review may occur.

*Mullins v. Mullins*, 226 W. Va. 656, 662, 704 S.E.2d 656, 662 (2010) (citation omitted). We have previously found this rationale to be equally applicable to administrative agency

5

decisions. *See, e.g., Logan Gen. Hosp., LLC v. Boone Mem'l Hosp., Inc.*, No. 23-ICA-134, 2023 WL 7203357, at *3 (W. Va. Ct. App. Nov. 1, 2023) (memorandum decision) (vacating and remanding an administrative agency decision for entry of a more detailed order).

Accordingly, we vacate the Board's May 19, 2023, *Decision*, and remand the matter to the Board for entry of an amended order setting forth findings of facts and conclusions of law sufficient to allow for meaningful appellate review should Ms. Jordan elect to file a new appeal.

Vacated and Remanded.

**ISSUED:** April 22, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear